IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTONIO NATHANIEL SPEED, #40750-044, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 19-cv-00629-JPG |
| B. TRUE, ASSOCIATE WARDEN COOPER, LIEUTENANT McALLISTER, LIEUTENANT BLAIR, WINN, SCHREIBER, and JARRETT, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Antonio Speed is a former federal inmate at the United States Penitentiary located in Marion, Illinois ("USP-Marion"). He filed this *pro se* action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), in order to challenge his placement in USP-Marion's Prison Camp on due process grounds. (Doc. 1, pp. 1-22). He seeks money damages. (*Id*. at p. 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from a defendant who is immune from relief. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations in the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff's statement of claim consists of the following single allegation:

> My constitutional rights were violated by the administration of Marion USP Prison Camp when it forced me to become a participant in their sanctions without a report and hearing programs upon my arrival at Marion USP Prison Camp 9118.

(Doc. 1, p. 6). In his request for relief, Plaintiff cites violations of his Fifth Amendment due process rights. (*Id*. at p. 7). The Complaint includes various marked-up exhibits, such as a copy of his Inmate Rights and Responsibilities (*Id*. at p. 10), a Program Statement for the Inmate Discipline Program (*Id*. at pp. 11-13), and memoranda from Warden True (*Id*. at pp. 14-16), among other documents. Plaintiff fails to explain why he submitted these exhibits. (*Id*. at pp. 1-21).

Based on the allegation in the Complaint, the Court designates a single count in this *pro se* action:

> **Count 1:** Defendants violated Plaintiff's Fifth Amendment right to due process of law by placing him in USP-Marion's Prison Camp without notice or a hearing.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is encompassed by the allegations in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

Plaintiff's one-sentence allegation falls woefully short of the pleading standards described in Rule 8 of the Federal Rules of Civil Procedure and *Twombly*. He omits reference to the defendants and to the acts or omissions that support his claim against them. Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

allegation is too short and too vague. The Complaint must set forth sufficient facts to give each defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555, 570 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff has not set forth enough facts to state a claim to relief that is plausible on its face. *Id*. As such, the Complaint does not survive screening.

Moreover, Plaintiff's Fifth Amendment due process claim against the defendants is likely foreclosed by the Supreme Court's decision in *Ziglar v. Abbasi*, 137 U.S. 1843 (2017). In *Ziglar*, the Supreme Court held that federal courts should not expand *Bivens* into contexts not officially recognized by the Supreme Court, unless certain "special factors" counsel otherwise. *Ziglar*, 137 U.S. at 1859-60. The Court cited only three instances in which a *Bivens* remedy should be recognized against federal officials: (1) Fourth Amendment claims involving unlawful searches and seizures; (2) Fifth Amendment due process claims involving gender discrimination; and (3) Eighth Amendment claims for inadequate medical treatment. *Ziglar*, 137 U.S. at 1854-55. Count 1 does not fit into any of these categories. *See Goree v. Serio*, 735 F. App'x 894 (7th Cir. 2018) (claims premised on due process violations arising from administrative and disciplinary proceedings not cognizable under *Bivens* and were properly dismissed at screening).

In light of the above, the Court finds that Plaintiff's Complaint does not survive screening and shall be dismissed without prejudice. If Plaintiff wishes to pursue his claims any further, he may file an amended complaint. However, Plaintiff is **WARNED** that his failure to comply with the below deadline and instructions will result in dismissal of this action with prejudice and the assessment of another "strike" within the meaning of 28 U.S.C. § 1915(g). *See* FED. R. CIV. P. 41(b).

### Disposition

**IT IS ORDERED** that the Complaint, including **COUNT 1**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **January 17, 2020**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as another "strike" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00629-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court generally will not accept piecemeal amendments to the original Complaint. The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/20/2019**

                                            s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **United States District Judge**