IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO NATHANIEL SPEED, #40750-044, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 19-cv-00629-JPG ) |
| B. TRUE, ASSOCIATE WARDEN COOPER, LIEUTENANT McALLISTER, LIEUTENANT BLAIR, WINN, SCHREIBER, and JARRETT, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for preliminary review of the First Amended Complaint (Doc. 10) filed by Plaintiff Antonio Speed. Plaintiff is a former federal inmate at the United States Penitentiary located in Marion, Illinois ("USP-Marion"). He filed this action to challenge his placement in USP-Marion's Prison Camp on due process grounds under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (*Id*. at pp. 1-25). He seeks money damages. (*Id*. at p. 13).

The Amended Complaint is now before the Court for screening under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner complaints and filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from

---

[1] Plaintiff was a prisoner when he filed his Complaint, and the First Amended Complaint is therefore subject to review under 28 U.S.C. § 1915A. (*See* Doc. 1, p. 7).

1

a defendant who is immune from relief. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations in the *pro se* Amended Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Amended Complaint

Plaintiff sets forth the following allegations in the Amended Complaint (Doc. 10, pp. 1-25): On or around September 11, 2018, Plaintiff was forced to participate in USP-Marion's Prison Camp, where Defendants imposed the following sanctions against him without prior notice, a disciplinary report, or a hearing: (a) loss of television privileges and movies (September 2018 to June 2019); (b) 5-minute limit on daily phone calls (April 2019); (c) commissary spending restrictions of $150/month instead of $360/month (May 2019); and (d) periodic recreation restrictions (September 2018 to May 2019). (*Id*. at p. 12).

Based on the allegation in the Amended Complaint, the Court designates a single count in this *pro se* action:

> **Count 1:** Defendants violated Plaintiff's Fifth Amendment right to due process of law by placing him in USP-Marion's Prison Camp and punishing him without notice or a hearing.

**Any claim in the Amended Complaint that is not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[2]**

### Discussion

Plaintiff's Fifth Amendment due process claim against the defendants is not cognizable under *Bivens*. In *Ziglar v. Abbasi*, 137 U.S. 1843 (2017), the Supreme Court held that federal courts should not expand *Bivens* into contexts not officially recognized by the Supreme Court,

---

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

unless certain "special factors" counsel otherwise. *Ziglar*, 137 U.S. at 1859-60. The Court cited only three instances in which a *Bivens* remedy should be recognized against federal officials: (1) Fourth Amendment claims involving unlawful searches and seizures; (2) Fifth Amendment due process claims involving gender discrimination; and (3) Eighth Amendment claims for inadequate medical treatment. *Ziglar*, 137 U.S. at 1854-55 (citations omitted). Plaintiff's claim does not fit into any of these categories.

The Seventh Circuit Court of Appeals has declined to recognize a new theory of relief in a *Bivens* action premised on due process violations like the one presented. *See Smadi v. True*, 783 F. App'x 633, 634 (7th Cir. 2019) (affirming district court's dismissal of due process claim at screening as indistinguishable from the due process challenge rejected in *Abbasi* but remanding for review of First Amendment claim for injunctive and monetary relief); *Goree v. Serio*, 735 F. App'x 894, 895 (7th Cir. 2018) (claims premised on due process violations arising from administrative and disciplinary proceedings not cognizable under *Bivens* and properly dismissed at screening). Other courts have likewise declined to extend *Bivens* to due process claims like the one presented in Count 1. *See, e.g., Vega v. United States*, 881 F.3d 1146, 1154-55 (9th Cir. 2018) (declining to recognize *Bivens* action for due process violation); *Harris v. Dunbar*, Case No. 17-cv-00536-WTL, 2018 WL 3574736, at *3-4 (S.D. Ind. 2018) (declining to recognize *Bivens* action for due process claim based on continued placement in communications management unit). Consistent with these previous rulings, this Court declines to extend *Bivens* to Plaintiff's due process claim challenging his placement in USP-Marion's Prison Camp with restrictions. Accordingly, Count 1 shall be dismissed with prejudice.

## Disposition

**IT IS ORDERED** that this action, including the Amended Complaint (Doc. 10) and **COUNT 1**, are **DISMISSED** with prejudice for failure to state a claim for relief.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 4/23/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**